ROWELL & a. v. HOLLIS.

62  129
Case 2
71  510

The duty imposed upon towns to keep their highways in suitable repair cannot be varied by proof of a custom to make repairs in a particular manner.

The admission of evidence wholly immaterial furnishes no sufficient ground for granting a new trial.

CASE, for damages from defective highway. Facts found by a referee. The plaintiffs claimed to recover for damages sustained by their horses, harnesses, and sleigh, by reason of a defective highway, the alleged defect being obstructions and incumbrances by snow. At the trial before the referee, against the plaintiffs' objection, several witnesses, who had been surveyors of highways in Hollis and accustomed to breaking winter roads, were permitted to testify, in substance, that "it has been customary in drifting places to keep the track above the drifts instead of canalling down,—and for this reason : If you dig down near to the ground you will have to build up banks on the sides, and when the snow blows it fills the road full ; but if you keep the road over the top, the snow blows across, and then when the thaws come, you shovel out. If you canalled down you would have to keep shovelling, so that it would require the force of all the men in town, in such a winter as last winter, to keep the roads clear."

The referee found the defendants not guilty. The court ordered judgment for the defendants on the report, and the plaintiffs excepted, and filed this bill of exceptions which is allowed.

*R. D. Barnes,* for the plaintiffs. The liability of towns to persons injured by defective highways is fixed by Gen. Laws, *c.* 75, and cannot be contravened by any custom however well established ; and evidence thereof is inadmissible. 2 Gr. Ev., *s.* 249 ; *Homer* v. *Dorr,* 10 Mass. 26, 29 ; *Lewis* v. *Thatcher,* 15 Mass. 431 ; *Randall* v. *Rotch,* 12 Pick. 107 ; *Wadley* v. *Davis,* 63 Barb. 501 ; *Strong* v. *Bliss,* 6 Met. 393 ; *Dewees* v. *Lockhart,* 1 Tex. 535. Proof of this custom or usage of the town relating to the repair of their winter roads was inadmissible. The only question is, What was the condition of the highway in fact ? Was it suitable for the travel passing thereon ? If it was, that is all that is required. If it was not, the fact that the town had repaired their winter roads according to this or any other particular custom or usage could not change the actual condition of the road, or relieve the town from their liability. *Winship* v. *Enfield,* 42 N. H. 210.

The evidence relative to this custom of the town could have no other tendency than to prejudice the judgment of the referee ; and the verdict, therefore, should be set aside. *Winkley* v. *Foye,* 28 N. H. 513.

*J. B. Fassett,* for the defendants.

BLODGETT, J. The customary action of the defendants in respect to snowdrifts in their highways was not admissible, either upon the question of the sufficiency of the highway whereon the injuries were received, or upon that of the plaintiffs' negligence ; nor do we perceive its relevancy upon any issue between the parties which could have arisen at the hearing. Nevertheless its

admission does not afford a sufficient ground for granting a new trial, inasmuch as it was incidental and introductory merely, and was so plainly irrelevant and immaterial that it is altogether improbable that it could have had any influence upon the mind of the referee. See *Winkley* v. *Foye.* 28 N. H. 518, 519; *Cook* v. *Brown*, 34 N. H. 460; *Tucker* v. *Peaslee*, 36 N. H. 168; *Barry* v. *Bennett*, 7 Met. 354.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.